UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATTHEW J. WEST,

        Petitioner,

v.                                        Case No. 5:12-cv-244-RS-GRJ

KENNETH S. TUCKER,

        Respondent.

_____

## ORDER

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus on the Court form used for petitions under 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner is currently incarcerated at the Santa Rosa Correctional Institution Annex in Milton, Florida.  The Florida Bureau of Prisons website indicates that he is serving a state sentence of two years and eight months for theft, based on a conviction in Bay County, Florida.  In his petition, however, Petitioner appears to be challenging a federal sentence for conspiracy to commit access device fraud.  *See United States v. West et al.*, Case No. 1:10-cr-108-CG-B-1 (S.D. Ala. Nov. 17, 2010).  Petitioner says that at his sentencing in the federal case, Judge Granade indicated that he should receive credit for four months that he had already spent in custody.  Petitioner says that the Bureau of Prisons has not given him credit for this time.

It appears that Petitioner is not challenging a state conviction, and a writ of habeas corpus under 28 U.S.C. § 2254 is therefore not appropriate.  Rather, it appears that he is challenging the execution of a federal sentence.  Petitioner should therefore refile his petition on the form used for petitions for a writ of habeas corpus pursuant to

28 U.S.C. § 2241. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration an application for writ of habeas corpus under section 2241 unless the appropriate petition form is properly completed and filed.

Petitioner is advised that the amended petition must contain all of his allegations, and it should not in any way refer to the original pleading. The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded. Local Rule 15.1, Northern District of Florida.  Petitioner is advised that in his amended petition, he must provide greater factual detail about his federal sentence.  For example, it is not clear from the current petition whether he has served his federal sentence or not, or whether he will begin to serve that sentence after the completion of the state sentence.  The Court takes judicial notice that Petitioner's release date for the state sentence is August 30, 2012.

Petitioner is advised that prior to filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241, he must exhaust his administrative remedies within the Bureau of Prisons (BOP).  The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the BOP.[1]   The BOP has formulated an administrative remedy program through which federal inmates may challenge the BOP's sentence computation.[2]

---

[1] United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

[2] The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28  C.F.R.  §  542.10, et seq.  The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[3]  Therefore,  in order to obtain judicial review of a sentence computation by the BOP, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.[4]  In his amended petition, Petitioner must state what administrative remedies he pursued prior to filing the petition.

Finally, Petitioner has neither applied for leave to proceed in forma pauperis nor paid the filing fee. Before this matter may proceed, Petitioner must either pay the filing fee or obtain leave to proceed in forma pauperis by filing a fully and properly completed application and attachments.

Accordingly, it is **ORDERED**:

1. The clerk is directed to send to Petitioner an application to proceed in forma pauperis and a copy of the form for use in Section 2241 cases. This case number should be written on the forms.

2. **On or before September 3, 2012,** Petitioner shall (1) either pay the filing fee of $5.00 or submit a fully completed application to proceed in forma pauperis, **AND** (2) file an amended habeas petition, which shall be typed or clearly written, submitted on the court form, and marked "Amended Petition."

---

region in which the inmate's institution of confinement is located.  Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

[3] Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (citations omitted).

[4] See United States v. Mitchell, 845 F.2d 951, 952-53 (11th Cir. 1988); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

3. Petitioner's failure to comply with an order of this court may result in a recommendation that this case be dismissed without further notice.

**DONE AND ORDERED** this 3rd day of August 2012.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge